Mr. Steven D. Oliver, Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Oliver:
You have requested an Attorney General opinion concerning the registration of Failure to Appear warrants. I am issuing the following opinion in response to your request.
You note that Failure to Appear warrants on misdemeanor offenses are not necessarily entered into the Arkansas Crime Information System. Rather, these warrants are often entered only into the local governmental entity's information system. For this reason, if an absconder is stopped in a location outside of that entity's jurisdiction, his failure to appear will not show up when a criminal history is run in the system.
You also note that under A.C.A. § 16-84-201, if a defendant fails to appear in court as required, the court may order the bail bond company to show cause why the sum specified in the bail bond should not be forfeited. The statute goes on to charge law enforcement agencies with the responsibility of making "every reasonable effort to apprehend the defendant." If the defendant is not apprehended, and no cause is shown why the bond should not be forfeited, the court may order the forfeiture.
In light of these facts, you have asked:
 Can a District Court judge forfeit a bond if the Failure to Appear warrants are not being entered into the statewide Arkansas Crime Information System? In other words, is entering a Failure to Appear warrant on a misdemeanor into a local crime information system considered a reasonable effort to assist the bonding company in locating an absconder, pursuant to A.C.A. § 16-84-204?
RESPONSE
As an initial matter, I must note that any order to forfeit a bond must be evaluated in light of the particular facts of the case and the evidence presented to the court to show cause against the forfeiture. The facts concerning forfeiture and the evidence presented as cause will vary in each case. For this reason, I cannot make a blanket determination that certain acts constitute or do not constitute the required "reasonable effort" in every case.
Nevertheless, it is my opinion, as explained more fully below, that under current law, if a Failure to Appear warrant is entered only into a local crime information system, and not into the statewide Arkansas Crime Information System, that fact does not necessarily indicate that the law enforcement agency in question has not made a reasonable effort to apprehend the defendant. However, recently enacted legislation indicates a legislative concern that local information of this nature be made more widely available, and a different conclusion may be warranted as anticipated changes in technology are implemented to address this concern.
Before discussing this issue in more detail, I will set forth in full the particular statutory provision that gives rise to your question. The provision is A.C.A. § 16-84-201, which states in pertinent part:
 (a)(1)(A) If the defendant fails to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, and shall promptly issue an order requiring the surety to appear, on a date set by the court not more than one hundred twenty (120) days after the issuance of the order, to show cause why the sum specified in the bail bond or the money deposited in lieu of bail should not be forfeited.
* * *
 (b) The appropriate law enforcement agencies shall make every reasonable effort to apprehend the defendant.
* * *
 (d) If, after one hundred twenty (120) days, the defendant has not surrendered or been arrested, prior to judgment against the surety, the bail bond or money deposited in lieu of bail may be forfeited.
A.C.A. § 16-84-201(a)(1)(A) and (b) and (d) (emphasis added).
The statutes that govern the Arkansas Crime Information System do not require that misdemeanor information such as Failure to Appear warrants be entered into the System. See A.C.A. § 12-12-1007. Moreover, the Arkansas Crime Information System's board (which is given considerable discretion in determining the type of information that must be reported to the System, see A.C.A. § 12-12-1003; A.C.A. § 12-12-201 et seq.) has not enacted any regulation explicitly requiring such information to be reported to the System. See Op. Att'y Gen. No. 2000-067, Footnote 1, discussing Section 5(b) of the Arkansas Crime Information System's regulations.
I have previously opined that because these statutes and regulations do not require the reporting to the System of misdemeanor failure to appear information, the provisions of A.C.A. § 16-84-201(b), quoted above, regarding the "reasonable effort" of law enforcement agencies, do not impose such a requirement. Op. Att'y Gen. No. 2000-067. I believe that a failure to report misdemeanor Failure to Appear warrants to the Arkansas Crime Information System does not, under the requirements of current law, necessarily reflect a failure to use a reasonable effort to apprehend the defendant.
Nevertheless, I find it pertinent that in the 2001 session of the General Assembly, the legislature enacted Act 1272, which established the "Arkansas Integrated Justice Information Systems Coordinating Council" for the 2002-2003 biennium.[1] This Council is charged with (among other tasks) the authority to "develop specific goals and timetables for a complete integrated justice information system." Acts 2001, No. 1272, § 1(f)(3). The Council is directed to make its recommendations to the Governor, the Chief Justice of the Supreme Court, and the Legislative Joint Committee on Advanced Communication and Information Technology no later than September 30, 2002. Acts 2001, No. 1272, § 2(c)(1).
I note that the Council is also authorized to appoint an advisory group to provide the council with input concerning "local government integrated justice information system issues and the impact of integrated system policies and decisions on local units of government." Acts 2001, No. 1272, § 2(a)(1).
These new provisions of law indicate an increasing legislative concern with the issue you have raised, and although I do not currently construe the "reasonable effort" reference in A.C.A. § 16-84-201(b) to entail the reporting of misdemeanor Failure to Appear warrants to the statewide Arkansas Crime Information System, it is plain that the legislature anticipates that available technologies may warrant such reporting in the future.
Pending the Council's recommendations in 2002 and any legislative changes enacted pursuant thereto, I continue to hold the view that a "reasonable effort to apprehend the defendant" does not currently (necessarily) entail the reporting of misdemeanor Failure to Appear warrants to the statewide Arkansas Crime Information System. However, I anticipate that this conclusion may be impacted by the council's recommendations in 2002 and any legislation enacted pursuant thereto.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Although Act 1272 of 2001 is not formally codified, its text is set out in full in the Publisher's Notes to A.C.A. § 12-12-Subchapter 2. I note that a similar council was established by Act 848 of 1999. Although that council was required to make a report regarding these issues, the General Assembly apparently was not prompted by such report or other action of that council to enact substantive legislation requiring the integration of the various local information systems.